UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TERRANCE WILLIAMS, | Case No. 3:22-cv-00294-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| MILLER, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Terrance Williams brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Northern Nevada Correctional Center. (ECF No. 1-1.) On June 30, 2022, U.S. Magistrate Judge Craig S. Denney ordered Williams to file a fully complete application to proceed *in forma pauperis* ("IFP Application") or pay the full $402 filing fee on or before August 29, 2022. (ECF No. 3.) Williams was warned that the action could be dismissed if he failed to file a fully complete IFP Application with all three documents or pay the full $402 filing fee for a civil action by that deadline. (*Id.* at 3.) The deadline expired, and Williams did not file a fully complete IFP Application, pay the full $402 filing fee, or otherwise respond.

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)

1   (dismissal for failure to comply with court order). In determining whether to dismiss an

2   action on one of these grounds, the Court must consider: (1) the public's interest in

3   expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk

4   of prejudice to Defendants; (4) the public policy favoring disposition of cases on their

5   merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine*

6   *Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

7         The first two factors, the public's interest in expeditiously resolving this litigation

8   and the Court's interest in managing its docket, weigh in favor of dismissal of Williams's

9   claims. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal

10  because a presumption of injury arises from the occurrence of unreasonable delay in filing

11  a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

12  F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of

13  cases on their merits—is greatly outweighed by the factors favoring dismissal.

14        The fifth factor requires the Court to consider whether less drastic alternatives can

15  be used to correct the party's failure that brought about the Court's need to consider

16  dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

17  that considering less drastic alternatives *before* the party has disobeyed a court order

18  does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

19  Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

20  "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's

21  order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled

22  with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

23  Courts "need not exhaust every sanction short of dismissal before finally dismissing a

24  case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

25  F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and

26  unless Williams either files a fully complete IFP Application or pays the $402 filing fee for

27  a civil action, the only alternative is to enter a second order setting another deadline. But

28  the reality of repeating an ignored order is that it often only delays the inevitable and

1  squanders the Court's finite resources. The circumstances here do not indicate that this

2  case will be an exception: there is no hint that Williams needs additional time or evidence

3  that he did not receive the Court's order. Setting another deadline is not a meaningful

4  alternative given these circumstances. Thus, the fifth factor also favors dismissal.

5       Having thoroughly considered these dismissal factors, the Court finds that they

6  weigh in favor of dismissal.

7       It is therefore ordered that this action is dismissed without prejudice based on

8  Williams's failure to file a fully complete IFP Application or pay the full $402 filing fee in

9  compliance with this Court's June 30, 2022, order.

10      The Clerk of Court is directed to enter judgment accordingly and close this case.

11  No other documents may be filed in this now-closed case. If Williams wishes to pursue

12  his claims, he must file a complaint in a new case.

13      DATED THIS 6th Day of September 2022.

14

15  _____

16  MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28